IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10CV49-1-MU

| | |
|---|---|
| ROSEMARY HOLLAND GEHRING, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> STATE OF NORTH CAROLINA, ) <br> ) <br> ) <br> Respondent. ) <br> _____) | **O R D E R** |

**THIS MATTER** comes before the Court upon Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1), filed February 24, 2010.

First, the Court notes that Petitioner has named the incorrect respondent. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts sets forth that if a petitioner "is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Petitioner has not complied with this requirement.

Second, the Court notes that Petitioner has failed to file her petition on the appropriate form. See Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts. As such, if Petitioner chooses to refile her federal habeas petition, she must file it on the appropriate form. Indeed, it is not clear from Petitioner's present filing that she has exhausted her state remedies.[1] In addition, although Petitioner has not provided the Court with many dates, it appears

---

[1] A prisoner is required to exhaust the remedies available to her in the state courts before she files a writ of habeas corpus in the federal courts. 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has held that § 2254's exhaustion requirement requires "state prisoners to give the

her petition may also be untimely.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's federal habeas petition is **DISMISSED <u>without prejudice</u>**; and

2. The Clerk is directed to send Petitioner a § 2254 form.

Signed: March 9, 2010

Graham C. Mullen
United States District Judge

---

state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838 (1999). This "one full opportunity" includes filing petitions for discretionary review when that review is part of the ordinary appellate procedure in the State. Id. In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing her conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review or by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari.